**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 06-20183** |
| **CARLOS LOPEZ,** | ) | **12-02099** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Defendant Carlos Lopez was convicted following a jury trial of conspiracy to distribute and to possess with intent to distribute 500 grams or more of methamphetamine and possession with intent to distribute 500 grams or more of methamphetamine (doc. 92). The defendant received a sentence of 360-months' imprisonment. Lopez filed a direct appeal challenging his conviction and sentence. The Tenth Circuit affirmed (doc. 138). The defendant then filed a petition for writ of certiorari with the United States Supreme Court (doc. 151). The Supreme Court denied certiorari on March 24, 2011.

Lopez is again before the court on a motion to vacate, set aside, or correct his sentence pursuant to 18 U.S.C. § 2255 filed February 17, 2012 (docs. 156, 157). The defendant contends that he received ineffective assistance of counsel on a number of grounds. Because the defendant's petition raised several disputed factual issues

unresolved by the record, the court conducted an evidentiary hearing on the matter (doc. 168).[1]

For the reasons set forth below, Lopez's motion to vacate (docs. 156, 157) is denied.

## DISCUSSION

### 1. Standard

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. The court must hold an evidentiary hearing on a § 2255 motion "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting § 2255). A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

### 2. Ineffective Assistance of Counsel

To obtain relief under § 2255 on the grounds of ineffective assistance of counsel, a petitioner must establish that his attorney's performance was deficient as compared to an

---

[1] At the evidentiary hearing, attorney Michael Harris testified, addressing each of the defendant's assertions of ineffective assistance of counsel. Lopez did not testify.

objective standard of reasonable performance. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). "In applying this test, we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690). As the one raising the challenge, the petitioner "bears the burden of establishing that his trial counsel 'made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Sallahdin v. Mullin*, 380 F.3d 1242, 1247-48 (10th Cir. 2004) (quoting *Strickland*, 466 U.S. at 687).

The petitioner must also prove that counsel's deficient performance prejudiced his defense, "depriving him of a fair trial with a reliable result." *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006) (citing *Strickland*, 466 U.S. at 687). Thus, to satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Because the petitioner "must demonstrate both *Strickland* prongs to establish his claim, a failure to prove either one is dispositive." *Orange*, 447 F.3d at 796-97 (citing *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000)). "The performance component need not be addressed first." *Smith*, 528 U.S. at 286 n.14. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697; *see also*

*Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

Lopez contends that his attorney, Michael Harris,[2] was ineffective on ten grounds. The court will address each ground separately below.

## A. Ground 1 – Failing to Adequately Advise Defendant Regarding Guilty Plea

Lopez first contends that his attorney was ineffective for "failing to provide him with the necessary information . . . needed to make an informed and intelligent decision whether to pursue plea negotiations and plead guilty or risk a jury trial" (doc. 157, at 12). Specifically, the defendant asserts that his attorney failed to discuss the United States Sentencing Guidelines (U.S.S.G.) and failed to explain how the Guidelines determined his final sentence. Lopez further asserts that had his attorney explained the Guidelines to him "in the most basic terms," he would not have proceeded to trial and would have received a substantially lower sentence.

At the evidentiary hearing, Harris testified credibly that he repeatedly urged the defendant to consider pleading guilty because of the strength of the government's case and because the crimes charged yielded the highest base offense level under the drug quantity table set forth in U.S.S.G. § 2D1.1. Harris testified that when he met with the defendant, he reviewed the *Guidelines Manual* to explain the defendant's applicable guideline range if he pleaded guilty versus his applicable guideline range if he lost at trial. Lopez did not testify nor did he present any evidence at the evidentiary hearing. In

---

[2] Michael Harris was employed by the Office of the Public Defender in the District of Kansas until he retired in December 2011.

a sworn affidavit attached to his § 2255 motion, however, Lopez averred that his attorney did not explain the Guidelines, the application of the Guidelines relevant conduct, or the application of the Guidelines acceptance of responsibility (doc. 157, at 30). The court does not disregard Lopez's affidavit, but the court does not give his conclusory allegations the same weight as Harris's in-court testimony.

Based on the evidence presented, the court is convinced that Harris adequately advised his client regarding the decision to plead guilty or proceed to trial. As such, Lopez cannot show that his attorney's performance was deficient as compared to an objective standard of reasonable performance, and his claim of ineffective assistance of counsel fails.

*B. Ground 2 – Failing to Advise Lopez of the Expediency in Pursuing Plea Negotiations*

Lopez asserts that his attorney was ineffective for failing to advise him of "the expediency in pursuing plea negotiations" (*id.* at 15). Specifically, the defendant contends that Harris failed to advise him of the "extensiveness of the Government's case," and Harris "would not enter into plea negotiations and advise these possibilities to Lopez."

As noted above, Harris testified credibly that he repeatedly urged the defendant to consider pleading guilty because of the strength of the government's case. Harris further testified that his client's steadfast position was that he did not knowingly possess the methamphetamine found in his truck. According to Harris, the defendant was unwilling to accept responsibility for the crimes charged and unwilling to cooperate with the government. Because of his client's position, Harris testified that he saw no basis to

approach the government for a plea agreement. In addition, Harris stated that he did not approach the government with a plea offer because the defendant never authorized it. Lopez did not testify nor did he present any evidence at the evidentiary hearing. In a sworn affidavit attached to his § 2255 motion, Lopez averred that his attorney never discussed "the possibility of approaching the government for a plea agreement." (doc. 157, at 31). The defendant also asserts that he "never discussed the strength of the Government's case with Harris, nor was [he] advised that it would be in [his] best interest to plead guilty" (*id.* at 30). The court does not disregard Lopez's affidavit, but it does not give Lopez's conclusory allegations the same weight as Harris's in-court testimony.

Based on the evidence presented, the court is convinced that Harris adequately advised his client regarding the possibility of plea negotiations and the strength of the government's case. In addition, Harris acted appropriately in not initiating plea negotiations with the government as his client did not authorize it, and his client's position provided no basis for a plea agreement.

As such, Lopez cannot show that his attorney's performance was deficient as compared to an objective standard of reasonable performance, and his claim of ineffective assistance of counsel fails.

*C. Ground 3 – Failing to Address and Resolve Communication Problems*

Lopez alleges that even with an interpreter, it was apparent that Harris "was not able to comprehend what Lopez was attempting to tell him, nor could Lopez understand" Harris. Lopez argues that his attorney was ineffective for failing to inform the court

about their ongoing communication problems. The defendant also asserts that he had "minimal interaction" with his attorney.

At the evidentiary hearing, the visitation log from CCA, the facility where Lopez was held prior to trial, was admitted into evidence to show that Harris visited his client on twenty-two occasions. Harris testified that in addition to the visits to CCA, he met with Lopez on a few occasions in the courthouse. Harris further testified that because he spoke no Spanish, and Lopez spoke very little English, he used an interpreter when meeting with Lopez. Harris averred that he was given no reason to believe that Lopez did not understand the information being presented as his client's responses appeared to be consistent with the questions asked. The visitation log from CCA showed that Harris was accompanied by an interpreter during the majority of his visits with Lopez.

Lopez did not testify at the evidentiary hearing. He did, however, submit a sworn affidavit attached to his § 2255 motion in which he avers that "[t]here was no meaningful communication with counsel," and "[e]very conversation with counsel via his interpreter resulted in a verbal altercation, since counsel continually cursed at me and belittled me in front of everyone" (doc. 157, at 33). The court does not disregard Lopez's affidavit, but the court does not give his conclusory allegations the same weight as Harris's in-court testimony.

Based on the evidence presented, the court is convinced that Harris was not presented with any circumstances suggesting a communication problem with Lopez. Thus, Harris had no basis to inform the court regarding the alleged communication problem. Because Lopez cannot show his attorney's performance was deficient as

compared to an objective standard of reasonable performance, his claim of ineffective assistance of counsel fails.

*D. Ground 4 – Failure to Adequately Review and Explain Charges and Evidence*

Lopez contends that his attorney failed to "be sure Lopez understood the nature of the charges against him and the evidence/discovery material related to the case" (*id.* at 18). Specifically, the defendant alleges that his attorney did not inform him of "substantial portions" of the prosecution's evidence against him, including phone records, financial records, and the DEA drug chemist's report and analysis of drugs seized from Lopez's truck on the day of the arrest.

At the evidentiary hearing, Harris testified that he explained the charges to his client and reviewed the discovery provided by the government with his client. Because the discovery reports were written in English, Harris stated that he read the reports to Lopez through an interpreter "line by line." In a sworn affidavit, the defendant avers that he "never saw nor reviewed the discovery" (doc. 157, at 30). The court does not disregard Lopez's affidavit, but it does not give his conclusory allegations the same weight as Harris's in-court testimony.

Based on the evidence presented, the court finds that Harris adequately explained the charges and evidence to Lopez. As such, Lopez cannot show that his attorney's performance was deficient as compared to an objective standard of reasonable performance, and his claim of ineffective assistance of counsel fails.

*E. Ground 5 – Failure to Properly Investigate*

Lopez alleges that his attorney failed to properly investigate on three grounds. First, he contends "that attorney Harris was unaware of cooperating witness Urena-Bonilla's prison time in Mexico despite this information being part of discovery." Specifically, Lopez suggests that his attorney erred by failing to cross-examine Urena-Bonilla about his criminal conviction in Mexico. At trial, the government thoroughly examined Urena-Bonilla about his prison time in Mexico.[3] As such, there was no reason for Harris to cross-examine the witness further on that particular issue.

Second, Lopez contends that his attorney did not put on evidence substantiating his client's defendant "that he bought and sold trailers/vehicles and travelled extensively in his personal vehicle" to address the government's evidence that Lopez traveled 14,000 miles in his truck in four months. Lopez's contention, however, is refuted by the trial transcript. Harris elicited testimony from his client, allowing the defendant to explain that he hauled produce and cars and bought trailers throughout the southern United States (doc. 136, at 465-68). Harris further questioned his client as to his reason for traveling to

---

[3] The government questioned Urena-Bonilla:
       Q. And had you prior to 2004 spent some time in a Mexican prison?
       A. In '91.
       Q. Was that for trafficking drugs?
       A. Marijuana.
       Q. So you've been involved in trafficking illegal drugs for some time?
       A. Unfortunately, yes.
       Q. Have you made some money doing that?
       A. Yes, sir.
       Q. Can you estimate for me how much money you've made trafficking drugs in your life?
       A. I would say, give or take, a million.
       Q. A million dollars?
       A. Yes, sir.
(doc. 136, at 198).

Kansas City.  Lopez testified that he came to Kansas City to buy some trailers and attend auctions, and he planned to sell the trailers in Texas (*id.*).

Based on the trial record, Lopez cannot show that his attorney's performance was deficient as compared to an objective standard of reasonable performance, and his claims of ineffective assistance of counsel fail.

In Lopez's third ground, he asserts that Harris was unaware of "certain discovery material" used by the government at trial.  Lopez does not identify the discovery material to which he refers, but he cites a portion of the trial transcript in which Harris challenges the admission of a document seized from Lopez's truck (doc. 136, at 518-24).  Even though Harris states that he is not familiar with the document, his client was not prejudiced as Harris objected to the document's admission under Fed. R. Evid. 403, and the court sustained the objection (*id.* at 524).

As such, Lopez cannot show that there is a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different, *see Strickland*, 466 U.S. at 694, and his claim of ineffective assistance of counsel fails.

*F.  Ground 6 – Failure to Object to Drug Enforcement Agent's Testimony*

Lopez contends that his attorney was ineffective for failing to object to the testimony by Drug Enforcement Agent Dana Suchma as that of an unauthorized expert witness proffered without notice (doc. 157, at 20).  Specifically, Lopez argues that Agent Suchma's testimony "transformed from a fact witness to an expert witness during redirect" (*id.*).

At the evidentiary hearing, Harris testified that based on his experience in previous criminal matters with Agent Suchma, he knew the Agent would qualify as an expert, and chose, as a tactical matter, not to object to the testimony. Lopez did not address the issue at the evidentiary hearing. The defendant does not suggest in his motion that he was prejudiced from Agent Suchma's testimony without timely proffering him as an expert witness.

The court finds that under the circumstances, Harris's decision not to object to Agent Suchma constitutes sound trial strategy. *See Strickland*, 466 U.S. at 690 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)) ("[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"). As such, Lopez cannot show that his attorney's performance was deficient as compared to an objective standard of reasonable performance, and his claim of ineffective assistance of counsel fails.

## G. Ground 7 – *Failure to Adequately Advise Lopez for His Testimony at Trial*

In his motion, Lopez alleges that his attorney was ineffective for "fail[ure] to apprise him about the specific ramifications associated with testifying or prepare him for the testimony to present" (doc. 157, at 22). Lopez expressly withdrew this claim at the evidentiary hearing.

As such, Lopez's claim of ineffective assistance is denied without further comment by the court.

## H. Ground 8 – *Opening the Door to Cooperating Witness's Plea Agreement*

Lopez contends that his attorney was ineffective for "open[ing] the door that permitted the plea agreement of [a] cooperating witness to be introduced into the record thus vouching for the cooperating witness's testimony" (doc. 157, at 23). Lopez reasons that because the plea agreement states that the cooperating witness, Alfonso Urena-Bonilla, was not charged with perjury, his testimony must be truthful.

At the evidentiary hearing, Harris testified that he sought to introduce Urena-Bonilla's plea agreement to attack the witness's credibility. Specifically, Urena-Bonilla testified that he did not understand his plea colloquy, and Harris sought to admit Urena-Bonilla's signed plea petition where the witness swore he understood the information set forth in the colloquy. Harris testified:

> If you're not going after Urena-Bonilla's credibility, there [is] no point in having a trial. The fundamental objective, strategic decision was to paint Urena-Bonilla as someone who would lie about anything, including Carlos [Lopez's] involvement in this [matter], in order to raise a doubt with the jury that maybe this guy didn't know there was something [illegal] in the cooler

(Evid. Hr'g Trans., July 25, 2012).

The court finds that under the circumstances, Harris's decision to admit the plea agreement constitutes sound trial strategy. **A**s such, Lopez cannot show that his attorney's performance was deficient as compared to an objective standard of reasonable performance, and his claim of ineffective assistance of counsel fails.

*I. Ground 9 – Failure to Present Evidence or Arguments at Sentencing*

Lopez asserts that his attorney "did nothing to prepare for Lopez's sentencing" and failed to present evidence and witnesses in support of Lopez's objections to the

Presentence Report (PSR). Lopez also contends that Harris failed to make "the proper motions/arguments" to support his contention that Lopez was a "mule" and not a manager of the drug operation.

In preparation for Lopez's sentencing, Harris filed a sentencing memorandum (doc. 100) in which he set forth three arguments: (1) There was no reliable evidence to indicate that Lopez participated in drug activities during his probationary period from a prior conviction. Thus, two additional criminal history points were incorrectly attributed to Lopez in the PSR; (2) The PSR incorrectly recommended that Lopez be attributed with obstruction for attempting to influence the testimony of Urena-Bonilla; and (3) Lopez should be eligible for a variance at sentencing because he was only a "mule" in the drug organization without any control over the quantity or type of drug being transported resulting in an artificially high offense level. Harris presented each of these arguments at the sentencing hearing. The court rejected each argument, but noted on the record that "counsel for Mr. Lopez . . . has done an exceptional job here" (doc. 133, at 679).

The defendant also contends that his attorney was ineffective for failure to interview inmates who were privy to communications between Lopez and Urena-Bonilla to show that Lopez did not attempt to have Urena-Bonilla recant his statement. At the evidentiary hearing, Harris testified that Lopez gave him the names of several inmates who Lopez alleges overheard conversations between Lopez and Urena-Bonilla. Harris testified that he attempted to contact each inmate, learned that each inmate was represented by counsel, and, in each case, counsel would not grant him permission to

interview the inmate for Lopez's case. Lopez did address this claim at the evidentiary hearing nor did he address it in the sworn affidavit he filed with the court.

Based on the record and the evidence presented at the evidentiary hearing, the court finds Harris effectively represented Lopez at his sentencing. **A**s such, Lopez cannot show that his attorney's performance was deficient as compared to an objective standard of reasonable performance, and his claim of ineffective assistance of counsel fails.

*J. Ground Ten – Cumulative Impact of Errors Requires Resentencing*

In his final claim, Lopez contends that the cumulative effect of the errors set forth in his § 2255 motion deprived him of "fair and just assistance of counsel," and, as such, his conviction and sentence must be reversed. Lopez sets forth sixteen propositions of error in support of his claim (doc. 157, at 27-28).

*(a) Attorney did not inform Lopez that prosecution could appeal district court's ruling*

According to Lopez, his attorney did not inform him that the government could appeal the district court's ruling on the defendant's suppression motion. At the evidentiary hearing, Harris testified credibly that he explained to Lopez the case law on both sides of the suppression issue and the likelihood of the motion's success. Harris testified that he kept his client informed throughout the pretrial motions, including the government's appeal of the suppression motion. Harris further testified that he explained to Lopez the substantial likelihood of conviction if the evidence was not suppressed. Lopez did not offer any evidence in support of his claim, nor did he advance any assertion that he was prejudiced by Harris's failure to inform him of the possibility of an appeal.

Based on the evidence presented, Lopez cannot show that his attorney's performance was deficient as compared to an objective standard of reasonable performance, and his claim of ineffective assistance of counsel fails.

*(b) Attorney failed to explain that Lopez could cooperate with authorities*

According to Lopez, his attorney failed to explain that he could cooperate with authorities. This assertion repeats the defendant's proposition of error as set forth in Ground 1 above. The court will not repeat its analysis here. For the reasons set forth above, Lopez cannot show that his attorney's performance was deficient as compared to an objective standard of reasonable performance, and his claim of ineffective assistance of counsel fails.

*(c) Attorney failed to explain that Lopez could plead guilty*

Lopez contends that his attorney failed to explain that he could accept responsibility, plead guilty and receive substantial sentence reduction. This assertion repeats the defendant's proposition of error as set forth in Ground 1 above. The court will not repeat its analysis here. For the reasons set forth above, Lopez cannot show that his attorney's performance was deficient as compared to an objective standard of reasonable performance, and his claim of ineffective assistance of counsel fails.

*(d) Attorney failed to explain that the strength of the government's case*

According to Lopez, Harris failed to explain that the prosecution's evidence was overwhelming against Lopez and chance of acquittal was virtually unsustainable. This assertion repeats the defendant's proposition of error as set forth in Ground 2 above. The court will not repeat its analysis here. For the reasons set forth above, Lopez cannot

show that his attorney's performance was deficient as compared to an objective standard of reasonable performance, and his claim of ineffective assistance of counsel fails.

*(e)  Attorney failed to explain that Lopez could plead guilty even though he was innocent*

Lopez contends that his attorney failed to inform him that he could negotiate a plea deal and plead guilty notwithstanding "his sincere belief that he was innocent."  At the evidentiary hearing, Harris testified that he repeatedly encouraged his client to plead guilty notwithstanding his client's steadfast position that he did not knowingly possess the methamphetamine found in his truck.  According to Harris, his client refused to consider a guilty plea, stating that he "would not plead guilty for a single day in jail."

This assertion repeats the defendant's proposition of error as set forth in Grounds 1 and 2 above.  The court will not repeat its analysis here.  For the reasons set forth in Grounds 1 and 2 above, Lopez cannot show that his attorney's performance was deficient as compared to an objective standard of reasonable performance, and his claim of ineffective assistance of counsel fails.

*(f) Attorney failed to inform Lopez regarding use of uncharged conduct at sentencing*

Lopez asserts that his attorney failed to inform him that the government could use uncharged conduct to increase Lopez's sentence if convicted.  At the evidentiary hearing, Harris testified that he explained to Lopez that uncharged conduct could be utilized to increase his sentence if he was convicted.  Lopez did not address this claim at the evidentiary hearing.

The record shows that Lopez's sentence was not altered by uncharged conduct. To clarify, at the time of his arrest, Lopez possessed 3.07 grams of actual

methamphetamine.  Under the guidelines, the quantity of methamphetamine attributed to Lopez yields a base offense level of 38, the highest base offense level under *Guidelines Manual* (2007).  Although Lopez was also attributed with 5 kilograms of cocaine based on the testimony of Urena-Bonilla, that quantity of cocaine did not increase Lopez's base offense level or resulting sentence.

As such, Lopez cannot show that there is a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different, *see Strickland*, 466 U.S. at 694, and his claim of ineffective assistance of counsel fails.

*(g) Attorney failed to explain how Lopez's criminal background might increase his sentence*

According to Lopez, his attorney failed to explain that his criminal background and previous probation status would be used to increase any sentence if he was convicted. At the sentencing hearing, Harris testified that he discussed with Lopez the significance of Lopez's one year probation and the impact it would have on Lopez's sentence if any of the conduct for which he was found guilty was determined to have fallen within that one year period.  Lopez did not address this claim at the evidentiary hearing.  In a sworn affidavit, however, the defendant avers that "[c]ounsel never discussed . . . that [his] probationary status could be used to calculate [his] final sentence" (doc. 157, at 31).  The court does not disregard Lopez's affidavit, but it does not give his conclusory allegations the same weight as Harris's in-court testimony.

Based on the evidence presented, the court finds that Harris adequately advised Lopez of the potential that his criminal background might increase his sentence.  As such,

Lopez cannot show that his attorney's performance was deficient as compared to an objective standard of reasonable performance, and his claim of ineffective assistance of counsel fails.

*(h) Attorney failed to explain how drug types and quantities not related to the instant offense might affect Lopez's sentence*

Lopez contends that his attorney did not explain that different drug types and quantities not related to December 11, 2006, instant offense could be used to establish Lopez's guideline sentence if convicted. This assertion is similar to Lopez's claim set forth in Ground 10(f) above. The court will not repeat its analysis here. For the reasons set forth above, Lopez cannot show that there is a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different, *see Strickland*, 466 U.S. at 694, and his claim of ineffective assistance of counsel fails.

*(i) Attorney failed to address harsher penalties for certain types of methamphetamine*

According to Lopez, his attorney failed to address that the particular type methamphetamine (D-meth) seized from Lopez's vehicle carried different and substantially harsher sentence than other forms of methamphetamine.

At the evidentiary hearing, Harris testified that because the methamphetamine found in Lopez's truck was between eighty and one-hundred percent pure, he did not find it necessary to explain the Guidelines regarding actual versus a mixture of an illegal substance. According to Harris's testimony, he informed Lopez that his base offense level was 38 due to the quantity and purity of methamphetamine attributed to Lopez.

Lopez did not include the claim in the sworn affidavit attached to his § 2255 motion nor did he address this claim at the evidentiary hearing.

Based on the evidence presented, the court finds that Harris adequately advised Lopez regarding the purity of methamphetamine attributed to Lopez and the potential impact on his sentence. As such, Lopez cannot show that his attorney's performance was deficient as compared to an objective standard of reasonable performance, and his claim of ineffective assistance of counsel fails.

*(j) Attorney failed to inform him of obstruction allegation and impact on sentence*

Lopez asserts that his attorney failed to inform him that cooperating witness Urena-Bonilla had notified authorities alleging that Lopez attempted to have Urena-Bonilla recant his statements and that this attempt would result in sentence enhancement if Lopez was convicted. At the evidentiary hearing, Harris testified that upon learning from the government that Lopez was being investigated for attempting to influence Urena-Bonilla's testimony, he met with Lopez and informed Lopez of the allegations. Harris further testified that he advised Lopez not to have any contact with Urena-Bonilla because the allegation had the potential to result in a sentencing enhancement if Lopez was convicted of obstruction of justice. Lopez did not address this claim at the evidentiary hearing. In a sworn affidavit attached to his § 2255 motion, the defendant avers that "[he] was never told that anything the government witnesses said could be used to enhance [his] final sentence via the guidelines" (doc. 157, at 32). The court does not disregard Lopez's affidavit, but it does not give his conclusory allegations the same weight as Harris's in-court testimony.

Based on the evidence presented, the court finds that Harris adequately advised Lopez regarding the obstruction allegation and the potential impact on his sentence. As such, Lopez cannot show that his attorney's performance was deficient as compared to an objective standard of reasonable performance, and his claim of ineffective assistance of counsel fails.

*(k)  Attorney failed to explain that false testimony might result in obstruction conviction*

According to Lopez, his attorney failed to explain that if Lopez testified at trial, he would get a sentence enhancement for obstruction of justice if convicted.[4]  At the evidentiary hearing, Lopez expressly withdrew the claim that Harris failed to adequately advise him regarding his decision to testify.

As such, Lopez's claim of ineffective assistance is denied without further comment by the court.

*(l) Attorney failed to explain Lopez's responsibility for all drugs seized at time of arrest*

Lopez asserts that his attorney failed to explain that he could be held responsible for all the drugs seized on December 11, 2006 despite involvement of at least two other suspects.  At the evidentiary hearing, Harris testified that he explained to Lopez that, under the crimes charged, Lopez would be held responsible for all the drugs recovered from his truck if the defendant was convicted.  Lopez did not include the claim in the sworn affidavit attached to his § 2255 motion nor did he address this claim at the evidentiary hearing.

---

[4] Notably, Lopez did not receive a sentence enhancement simply for testifying.  He received a sentence enhancement for providing *materially false* testimony before a judge. *See* U.S.S.G. § 3C1.1 n.4 (emphasis added).

Based on the evidence presented, the court finds that Harris adequately explained the impact of the quantity of drugs seized under the crimes charged. As such, Lopez cannot show that his attorney's performance was deficient as compared to an objective standard of reasonable performance, and his claim of ineffective assistance of counsel fails.

*(m) Attorney failed to discuss evidence that Lopez participated in other drug trafficking*

According to Lopez, his attorney did not explain that the prosecution possessed evidence that Lopez was involved in other large-scale drug trafficking activities, and the evidence would be used against Lopez at his trial. The trial record, however, shows that no evidence demonstrating Lopez's involvement in other drug trafficking organizations was admitted at trial.

As such, Lopez cannot show that there is a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different, *see Strickland*, 466 U.S. at 694, and his claim of ineffective assistance of counsel fails.

*(n) Attorney failed to explain lack of evidence to support Lopez's defense at trial*

Lopez contends that his attorney failed to address the lack of concrete evidence/witnesses to corroborate Lopez's version of events related to instant offense or Lopez's statements related to itinerary, financial records or other alibi defense. At the evidentiary hearing, Harris testified that he repeatedly discussed with Lopez the lack of corroborating evidence to support his client's version of events. Lopez did not include the claim in the sworn affidavit attached to his § 2255 motion nor did he address this claim at the evidentiary hearing.

Based on the evidence presented, the court finds that Harris discussed with Lopez the lack of corroborating evidence to support his client's version of events. As such, Lopez cannot show that his attorney's performance was deficient as compared to an objective standard of reasonable performance, and his claim of ineffective assistance of counsel fails.

*(o) Attorney failed to discuss with Lopez phone record evidence*

Lopez asserts that his attorney failed to explain that the prosecution was in possession of very incriminating phone records that would be used at trial if Lopez exercised that right. Although Lopez does not describe the "incriminating phone records" to which he refers, the trial transcript shows that the only phone evidence introduced at trial was the subscriber records for three cell phones—two attributed to Urena-Bonilla and the other found in Lopez's possession at the time of his arrest (doc. 136, at 363-77).

At the evidentiary hearing, Harris testified that he went through the discovery provided by the government with Lopez "line by line." The phone records introduced at trial were part of the discovery provided by the government to the defendant. Lopez did not include the claim in the sworn affidavit attached to his § 2255 motion nor did he address this claim at the evidentiary hearing.

Based on the evidence presented, the court finds that Harris adequately explained reviewed discovery documents with Lopez. As such, Lopez cannot show that his attorney's performance was deficient as compared to an objective standard of reasonable performance, and his claim of ineffective assistance of counsel fails.

*(p)  Attorney failed to inform Lopez that he was eligible for "safety valve"*

According to Lopez, his attorney failed to explain that he was eligible for consideration and sentencing under applicable "safety valve" provision.  At the evidentiary hearing, Harris testified that he discussed the "safety valve provision" and the possible applicability in Lopez's case.  Harris further testified that because Lopez refused to truthfully provide to the government all information and evidence he had concerning the offenses charged, he was not eligible under U.S.S.G. § 5C1.2, the "safety valve" provision.  In addition, Harris testified that Lopez was ineligible under the "safety valve" provision because the court found the defendant attributable with more than one criminal history point.

Lopez did not address this claim at the evidentiary hearing.  In a sworn affidavit attached to his § 2255 motion, the defendant avers that "[he] was advised that [he] might benefit from pleading guilty and would benefit for receiving a safety valve sentence reduction" (doc. 157, at 32).  The court does not disregard Lopez's affidavit, but it does not give his conclusory allegations the same weight as Harris's in-court testimony.

Based on the evidence presented, the court finds that Harris advised Lopez of the possible applicability of the "safety valve" provision.  As such, Lopez cannot show that his attorney's performance was deficient as compared to an objective standard of reasonable performance, and his claim of ineffective assistance of counsel fails.

*(q)  Conclusion – Cumulative Errors*

As each of Lopez's propositions of error fails, he cannot show that the cumulative effect of the errors set forth here deprived him of "fair and just assistance of counsel."

*K.  Ground 11 – Attorney failed to make Lopez appreciate the charges and penalties*

At the close of the evidentiary hearing, Lopez argued that, even accepting Harris's testimony as true, he was not made to fully appreciate the charges and penalties he faced. Specifically, the defendant contended that his statement made on the eve of trial that he would "not accept even a day in jail" suggested he did not appreciate the term of imprisonment he faced if convicted.

The court found Lopez's argument unpersuasive, stating that it did not find his interpretation reasonable in the context of the entirety of evidence presented. Based on the record as a whole, the court found that Lopez understood the charges against him and the potential penalties he faced. Moreover, the court concluded that Lopez understood his attorney's advice and simply chose to disregard it.

As such, Lopez cannot show that his attorney's performance was deficient as compared to an objective standard of reasonable performance, and his claim of ineffective assistance of counsel fails.

## 3. Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2).[5]  To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).  For the reasons set forth, Lopez has not made a substantial showing of the denial of a constitutional right.  The court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (docs. 156, 157) is denied.

**IT IS SO ORDERED** this 8th day of August, 2012.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

---

[5] The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).