# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                   Case No. 06-20183-01-JWL

**Carlos Lopez,**

      **Defendant.**

## MEMORANDUM & ORDER

A jury convicted defendant Carlos Lopez of conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine and possession with intent to distribute 500 grams or more of methamphetamine. At the time of Mr. Lopez's sentencing, the Guidelines as applied to Mr. Lopez provided for a base offense level of 38 and a total offense level of 40 after a two-level increase for obstruction of justice. With a criminal history category of II, the resulting advisory Guidelines range was 324 months to 405 months imprisonment. The court sentenced Mr. Lopez to 360 months imprisonment, slightly below the mid-point of the range.

This matter is before the court on Mr. Lopez's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which Mr. Lopez asks the court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines which took effect on November 1, 2014 and lowers the base offense levels in the Drug Quantity Table. Under the amended guidelines, Mr. Lopez's base offense level for the same drug quantities is 36 and his adjusted offense level is 38. With a criminal history category of II, his applicable guideline range is now

262 months to 327 months imprisonment. In his motion for reduction, Mr. Lopez seeks a reduction of his sentence to 262 months, or the low-end of the amended range. In response, the government does not dispute that Mr. Lopez is entitled to a reduction, but asks the court to sentence Mr. Lopez at the mid-point of the amended range as it did in connection with Mr. Lopez's original sentence. As will be explained, the motion is granted to the extent that Mr. Lopez is entitled to a reduction, but the court reduces Mr. Lopez's sentence from 360 months to 290 months.

Following the Supreme Court's decision in *Dillon v. United States*, 560 U.S. 817 (2010), the Tenth Circuit has recognized that "§ 3582(c)(2) prescribes a two-step inquiry for determining whether a defendant is entitled to have his originally-imposed sentence reduced: the first question, a matter of law, is whether a sentence reduction is even *authorized*; the second question, a matter of discretion, is whether an authorized reduction is in fact *warranted*." *United States v. White,* 765 F.3d 1240, 1245 (10th Cir. 2014) (emphasis in original). Because the government does not dispute that a sentence reduction is authorized in this case, only the second question is at issue here. In determining whether a sentence is warranted, the district court must "consider the § 3553(a) sentencing factors, including the nature, seriousness, and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of the defendant, and any threat to public safety." *United States v. Meridyth*, 573 Fed. Appx. 791, 794 (10th Cir. 2014) (citations omitted).

At Mr. Lopez's sentencing hearing in May 2009, the government requested a high-end sentence in light of various aggravating circumstances, including the fact that Mr. Lopez lied on the stand about his role in the offenses charged; intended to mislead the jury with that testimony;

2

and attempted to influence the testimony of his co-defendant Alfonso Urena-Bonilla. Mr. Lopez's counsel, on the other hand, argued that a low-end sentence was more than sufficient to accomplish the purposes of the sentencing objectives set forth in § 3553(a), particularly in light of Mr. Lopez's age at the time of sentencing and the fact that Mr. Lopez, according to his counsel, was a one-time "mule" in the overall drug conspiracy.

As indicated by the court during that sentencing hearing, the court did not believe (and does not now believe) that Mr. Lopez was a one-time courier. Rather, the court believes, as it indicated in May 2009, that Mr. Lopez was "a very valuable middle level-type participant towards the higher end of the whole process of bringing drugs into the country and disseminating them throughout the country." The court further found that Mr. Lopez lied on the stand, intended to mislead the jury, and intended to influence the testimony of his co-defendant. The court also emphasized the seriousness of the offenses committed by Mr. Lopez, coupled with the fact that he committed those offenses while still on supervision for a prior offense, indicating that Mr. Lopez had not responded to correctional treatment and was likely to offend again. Finally, the evidence at trial and at sentencing demonstrated that Mr. Lopez was involved in other drug-trafficking activities, not just those activities for which he was arrested and convicted. As summarized by the court, Mr. Lopez is "a person in the business of transporting illegal drugs for hire."

Nonetheless, the court sentenced Mr. Lopez to the mid-range sentence—a sentence "lower than it would otherwise be"—in light of Mr. Lopez's age. As noted by the court, Mr. Lopez was nearly 46 years old at the time of sentencing and the court expressed its belief that a 30-year sentence was sufficient to satisfy the § 3553(a) factors. Other than Mr. Lopez's age, the

3

facts as determined by the court at sentencing supported the imposition of a high-end sentence. For all of those reasons, the court is not persuaded that a low-end sentence is appropriate this time around. While the court commends Mr. Lopez for the coursework that he has completed and his clean disciplinary record, these efforts are not sufficient to support a low-end sentence when weighed against the nature and severity of Mr. Lopez's crimes of conviction, his demonstrated willingness to recidivate upon release, and his concerted efforts to obstruct justice. Considering the totality of the circumstances, the court believes that a mid-point sentence in the amended range is sufficient to satisfy Congress' objectives for sentencing as set forth in § 3553(a).

For the foregoing reasons, while Mr. Lopez is entitled to a reduction in this case, the court is not persuaded that a reduction to a low-end sentence is appropriate. Mr. Lopez's motion, then, is granted to the extent that he is entitled to a reduction, but the court reduces his sentence from 360 months to 290 months rather than the 262-month sentence requested by Mr. Lopez.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Lopez's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 187) is **granted as described herein** and Mr. Lopez's sentence is **reduced from 360 months to 290 months imprisonment**. All other provisions of the judgment dated May 29, 2009 shall remain in effect.

**IT IS SO ORDERED.**

Dated this 21st day of July, 2015, at Kansas City, Kansas.

**Effective Date: November 1, 2015**.

                                                    s/ John W. Lungstrum
                                                  John W. Lungstrum
                                                  United States District Judge