IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                                                           **Case No. 06-20183-01-JWL**

**Carlos Lopez,**

    **Defendant.**

## **MEMORANDUM & ORDER**

A jury convicted defendant Carlos Lopez of conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine and possession with intent to distribute 500 grams or more of methamphetamine. At the time of Mr. Lopez's sentencing, the Guidelines as applied to Mr. Lopez provided for a base offense level of 38 and a total offense level of 40 after a two-level increase for obstruction of justice. With a criminal history category of II, the resulting advisory Guidelines range was 324 months to 405 months imprisonment. The court sentenced Mr. Lopez to 360 months imprisonment, slightly below the mid-point of the range. Later, the court reduced Mr. Lopez's sentence to 290 months based on Amendment 782 to the Guidelines. Mr. Lopez is presently incarcerated at Big Spring (Flightline) CI and his projected release date is August 25, 2027.

This matter is now before the court on defendant's motion for compassionate release and reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 201). The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United*

*States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)).  Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a).  *Id.*[1]  A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others.  *Id*. at 1043.  But when a district court grants a motion for compassionate release, it must address all three steps.  *Id*.  As will be explained, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence.  The court, then, declines to address the other prerequisites.

In his motion, defendant contends only that his medical conditions render him particularly vulnerable to an increased risk of serious harm or death from COVID-19.  He asserts, and his medical records support, that he suffers from hypothyroidism, hyperlipidemia, hypertension, and retinal vein occlusions.  But the record also reflects that defendant is now fully vaccinated against COVID-19, having received his second dose of the Pfizer vaccine on May 19, 2021.  Accordingly, defendant now faces largely the same risk from COVID-19 "as those who are not incarcerated." *United States v. Lemons*, ___ F.4th ___, 2021 WL 4699249 (6th Cir. Oct. 8, 2021) (a defendant's incarceration during the COVID-19 pandemic, when the defendant has access to the vaccine, does not present an extraordinary and compelling reason warranting a reduction); *see also United States*

---

[1] The government does not dispute that defendant has exhausted his administrative remedies.

*v. Broadfield*, 5 F.4th 801, 802 (7th Cir. 2021) ("Vaccinated prisoners are not at greater risk of COVID-19 than other vaccinated persons."). As Judge Easterbrook explained in *Broadfield*,

> [F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.

*Broadfield*, 5 F.4th at 803.[2]

The overwhelming majority of district courts to consider the issue have similarly found that vaccination against COVID-19 "changes the calculus on the 'extraordinary and compelling reasons' inquiry when defendants claim that their medical conditions place them at an increased risk for severe illness from COVID-19." *United States v. Barnette*, 2021 WL 2805376, at *4 (D. Kan. July 6, 2021) (collecting cases). The court agrees. The evidence shows that defendant is inoculated against COVID-19 with a vaccine that is effective at preventing infection and that significantly reduces the risk of severe illness in those who contract COVID-19 after vaccination. The court also finds it significant that defendant's correctional facility presently has no active cases among inmates or staff. Under these circumstances, the court finds that defendant's medical conditions do not constitute "extraordinary and compelling reasons" warranting his release under § 3582(c)(1)(A). *See United States v. Long*, 2021 WL 3185600, at *5 (D.D.C. July 28, 2021)

---

[2] The Tenth Circuit has expressed doubt that a fully vaccinated prisoner, or one with access to the vaccine, could establish extraordinary and compelling circumstances for purposes of a sentence reduction when the request for a reduction is based on COVID-19 concerns. *United States v. Hald*, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (recognizing a "growing consensus" that either receiving or refusing COVID-19 vaccination "weighs against a finding of extraordinary and compelling circumstances" for purposes of § 3582(c)(1)(A)).

(fully vaccinated defendant's risk of contracting the "delta variant" of COVID-19 did not alter court's assessment of motion and did not render circumstances extraordinary and compelling; available research demonstrates that fully vaccinated individuals retain significant protection against Delta variant); *United States v. Hernandez*, 2021 WL 3192161, at *2 (C.D. Ill. July 28, 2021) (defendant's vaccination status was important because "vaccines are effective against the variants, including the Delta variant currently circulating in the United States."); *United States v. Courville*, 2021 WL 3192847, at *4 (D. Ariz. July 28, 2021) (in light of defendant's vaccinated status, the court could not conclude that defendant's current exposure to Delta variant presents extraordinary and compelling reason for release); *United States v. Johnson*, 2021 WL 3173346, at *3 (S.D. Ohio July 27, 2021) (same).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for compassionate release and reduction of sentence (doc. 201) is denied.

**IT IS SO ORDERED.**

Dated this 28th day of October, 2021, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge